**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| United States of America ex rel.<br>**LYNN GREEN,**<br><br>　　　　　　　**Petitioner,**<br><br>　　　　v.<br><br>**DAVE REDNOUR, Warden,**<br>**Menard Correctional Center,**<br><br>　　　　　　　**Respondent.** | )<br>)<br>)<br>)<br>)<br>) 　No. 10 C 6088<br>)<br>) 　Judge Rebecca R. Pallmeyer<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

In December 2001, Petitioner Lynn Green was convicted by a Cook County jury of first-degree murder and aggravated discharge of a firearm. He was sentenced to concurrent 50- and 15-year sentences. On direct appeal, the Illinois Appellate Court affirmed the murder conviction but vacated the aggravated firearm conviction. *People v. Green*, No. 00 CR 16898, 1st Dist. Ill. App. Ct. (2003). On March 24, 2004, the Illinois Supreme Court denied leave to appeal from that decision. *People v. Green*, 208 Ill. 2d 545, 809 N.E.2d 1289 (2004).

Several months later, Green sought post-conviction relief, placing his post-conviction petition in the mail on August 25, 2004.[1] Notice of Filing, Ex. D to Respondent's Memorandum in Support of Motion to Dismiss (hereinafter "Ex. D"). The trial court summarily dismissed the petition. The Appellate Court affirmed that decision, *People v. Green*, No. 00 CR 16898, 1st Dist. Ill. App. Ct. 2006, and on September 30, 2009, the Illinois Supreme Court denied leave to appeal. *People v. Green*, 233 Ill. 2d 575, 919 N.E.2d 358 (2009).

On August 31, 2010, Petitioner initiated this petition for habeas relief under 28 U.S.C. § 2254 by placing his petition in the mail. Affidavit to Petition for Writ of Habeas Corpus.

---

[1] Respondent disputes that Petitioner could have mailed his petition on that date, as an attachment to the petition indicates that it was signed on September 1, 2004, and contends that the date on which the petition was filed in state court (November 12, 2004) is the relevant date. For purposes of this motion, the court assumes Petitioner is correct.

Respondent moves to dismiss the petition as untimely and, for the reasons explained here, the motion is granted.

## DISCUSSION

Respondent argues that the petition is untimely under 28 U.S.C. § 2244(d), and that Petitioner has not established that he is entitled to equitable tolling or to a certificate of appealability ("CA").

**Petition is Untimely under 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), sets a one-year period of limitation on an application for a writ of habeas corpus. This period runs from the latest of (A) the date when the judgment became final, either by the conclusion of direct review or the expiration of the time for seeking direct review; (B) the date on which any impediment to filing caused by an unconstitutional state action was removed, (C) the date on which a new constitutional right was recognized, or (D) the date on which the factual predicate of the claim could have been discovered through due diligence. Under § 2244(d)(1)(A), the time for seeking direct review includes the ninety days in which a petitioner could have petitioned the United States Supreme Court for a writ of certiorari. *Jones v. Hulick*, 449 F.3d 784, 787-88 (7th Cir. 2006) (citing *Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002)).

None of the situations contemplated in § 2244(1)(B)-(D) is at issue here, so the one-year period began to run in this case when Green's conviction became final. Certain periods of time are excluded from that one-year period, however: "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). In other words, while a state action for post-conviction review is pending, the one-year period of limitation mandated by the statute is tolled.

In this case, the Illinois Supreme Court denied Petitioner leave to appeal on direct review

2

on March 24, 2004. He then had ninety days to petition the United States Supreme Court for a writ of certiorari, but did not do so, and the time for seeking direct review expired ninety days later, on June 22, 2004. The one-year limitation period began running on that date, and continued until Petitioner mailed his initial petition for state post-conviction review on August 25, 2004.

Petitioner argues that the sixty-four days that passed between the expiration of his time for seeking direct review on June 22, 2004, and his initial filing for post-conviction review on August 25, 2004, should not count against the one-year filing period because, as he understands the statute, § 2244(d) "generally means that the federal petition is due one-year from the final state court denial of relief on post-conviction appeal." Pet. For Writ of Habeas Corpus Reply (hereinafter "Pet. Reply"), at 3. Thus, Petitioner urges, the period after the time for seeking direct review expired and before he initially filed a state post-conviction petition should not count against the one-year statutory limitations period for seeking habeas relief. In support, Petitioner cites *Carey v. Saffold*, 536 U.S. 214 (2002). In *Carey*, a California prisoner filed a state post-conviction petition one week before the deadline to submit his federal habeas petition under § 2244(d). *Id.* at 217. Five days after that petition was denied, the prisoner filed a further petition in the California appeals court, as required by state law, but that petition was also denied. *Id.* Four and one half months later, he filed a further petition in the California Supreme Court. *Id.* That petition was denied, as well, and the prisoner then promptly filed a habeas petition in federal district court. *Id.* at 218. The district court dismissed that petition as untimely, reasoning that the periods of time between the various state post-conviction petitions were not periods in which those petitions were deemed "pending" for purposes of § 2244(d)(2). *Id.* The Ninth Circuit reversed, however, and the Supreme Court agreed with the Ninth Circuit that "until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.* at 220. *Carey* thus held only that the one-year time for filing a federal habeas petition does not include any time that elapses between the filing of various state post-conviction proceedings. The periods of time between state post-

3

conviction filings—the periods at issue in *Carey*—have already been tolled for Petitioner Green. What is at issue on this motion is the period after the conclusion of Petitioner's direct appeal and before the initiation of the state post-conviction review process. Petitioner Green contends that time period should not count against the one year period for filing this petition.

The petitioner in *de Jesus v. Acevedo* made a similar argument. 567 F.3d 941 (7th Cir. 2009). He argued that all time prior to the conclusion of his state collateral review process "was tolled, retroactively," or in other words, that it should be treated as pending under § 2244(d)(2). *Id.* at 942. The court read § 2244(d)(2) differently, however, and explained that the language of that section *excludes* time from the one-year period; it does not *restart* the period. *Id.* at 943. In illustrating that point, the court offered an example that addresses Petitioner Green's situation precisely: "So if a state conviction becomes final on March 1, 2008, and a collateral attack in state court begins on July 1, 2008, and lasts until July 1, 2009, the prisoner then has eight months (or until March 1, 2010) to launch a federal collateral attack." *Id.* Similarly here, during the sixty-four days between the expiration of Petitioner's time for direct review on June 22, 2004 and the filing of his state petition for collateral review on August 25, 2004, state post-conviction proceedings were not "pending" under the meaning of 28 U.S.C. § 2244(d)(2). Those days counted against the one-year habeas filing "clock." Once the state court collateral attack was dismissed, on September 30, 2009, Petitioner had just 301 days (until July 28, 2010) in which to file his federal petition.[2] Because it was not filed until August 31, 2010, the petition is untimely.

Petitioner has cited several additional cases, but none change this result. In *Gendron v. United States,* the Seventh Circuit concluded that the one-year period of limitations for filing a post-

---

[2] Unlike the ninety-day period to petition the United States Supreme Court following the end of state direct review, the time to petition the United States Supreme Court following the end of state collateral review is not tolled for purposes of § 2244(d). *Jones*, 449 F.3d 784, 788. Petitioner admits as much in his brief, acknowledging that the end of his post-conviction review period came on September 30, 2009. Pet. Reply at 3.

4

conviction petition began to run from the date that the convictions were affirmed on direct appeal. 154 F.3d 672 (7th Cir. 1998). The Supreme Court abrogated the holding in that case, however, concluding that the one-year period is tolled until the time for filing of petition for a writ of certiorari has expired. 537 U.S. 522, 524-25 (2003). As described above, Petitioner Green is entitled to exclusion of that 90-day period in which he could have filed a petition for a writ of certiorari; the court has not counted that time against the one-year "clock." The district court held in *United States ex rel. Smith v. Sternes*, 169 F. Supp. 2d 886 (N.D. Ill. 2001) that a state post-conviction petition remains pending, for purposes of AEDPA, during the time that the petitioner sought reconsideration in the Illinois Supreme Court–but that is not relevant here because Petitioner Green has not moved for reconsideration.

Petitioner Green also cites cases that establish that the pendency of a state post-conviction petition tolls the statute of limitations, regardless of the propriety or merits of the claims presented in the state petition. Thus, in *Artuz v. Bennett*, 531 U.S. 4 (2000), the Supreme Court held that a state post-conviction petition is "properly filed" for tolling purposes even if it presented claims that were barred by state law. *Carter v. Litscher*, 275 F.3d 663 (7th Cir. 2001), *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001), and *Ford v. Moore*, 296 F.3d 1035 (11th Cir. 2002), all recognized that a pending state post-conviction petition tolls the time for filing of a federal habeas petition, even if the only claims presented in the state petition were state-law claims. *Sweger v. Chesney*, 294 F.3d 506 (3d Cir. 2002), similarly, concluded that a state post-conviction proceeding tolls the statute for all claims, not just for those presented in the state court petition. None of these cases is helpful to Petitioner Green; Respondent has not suggested that anything about Petitioner Green's state post-conviction proceedings precludes the tolling of the statute of limitations while those proceedings were pending.

As explained above, the time for Petitioner Green to file a petition for a writ of certiorari on direct appeal expired on June 22, 2004, and the one-year statute began running on that date. It

stopped running sixty-four days later, on August 25, 2004, when Petitioner put his petition for state post-conviction relief in the mail.  That post-conviction petition remained pending until September 30, 2009.  Petitioner submitted his petition in this case 335 days later, on August 31, 2010.  A total of 399 days elapsed, and this case is time-barred.

**Petitioner Is Not Entitled to Equitable Tolling**

In response to the timeliness challenge, Petitioner has asked for leniency.  He points to his lack of legal training, the "extraordinarily complicated" nature of habeas corpus law, and the fact that Menard Correctional Center, where he is housed, has been on "constant lockdown status."  Pet. Reply at 2, 5-6.

As explained in *Holland v. Florida*, a habeas petitioner is entitled to equitable tolling of the time for filing his petition only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [the] way'" of timely filing.  130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In *Holland*, the Supreme Court found that a petitioner whose attorney ignored his letters and did not file a habeas petition before the one-year time limit expired may be entitled to equitable tolling.  *Id.* at 2563-64.  No such circumstances are presented here, and the case law demonstrates that the circumstances troubling Petitioner Green are insufficient to warrant equitable tolling.  In *Jones v. Hulick*, for example, petitioner noted that he has been in segregation for a portion of the limitations period with no access to the law library, that he had enjoyed only limited access to the law library, and that prison authorities had interfered with his mail.  449 F.3d 784, 789 (7th Cir. 2006).  None of these circumstances satisfied the Court of Appeals that equitable tolling was appropriate.  *See also Tucker v. Kingston,* 538 F.3d 732, 734-35 (7th Cir. 2008) (limited resources or the lack of legal expertise are insufficient to invoke equitable tolling); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) (declining to apply equitable tolling when the petition was one day late and the petitioner's attorney's father had died just two weeks earlier).

Petitioner Green asserts that on August 31, 2010, the day he placed his petition in the mail, the unit in which he was housed "was effectively on lockdown status, and had been on such status for the majority of the year leading up to that point." Pet. Reply at 2. Notably, however, Green has not identified the days or time periods of the lockdown, nor has he explained how lockdown status substantially interfered with his ability to put his petition in the mail. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996) (petitioner claiming inadequate law library must show actual injury to his ability to pursue claims arising from inadequacy); *Ramirez v. Yates,* 571 F.3d 993, 1001 (9th Cir. 2009) (petitioner "entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if his placement in administrative segregation altogether prevented him from presenting his claims in *any* form, to *any* court"); *Lloyd v. VanNatta,* 296 F.3d 630, 633 (7th Cir. 2002) ("[W]hatever constitutes an impediment [under section 2244(d)(1)(B)] must *prevent* a prisoner from filing his petition."); *United States ex rel. Plummer v. Gaetz*, No. 08 C 1885, 2009 WL 458620, *3 (N.D. Ill. Feb. 23, 2009) (citing *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001)) (prisoner must at the very least show how the alleged extraordinary circumstances were the cause of his untimely filing).

In Petitioner Green's case, the fact that he was able to submit his petition while on institutional lockdown defeats the notion that the lockdown was, by itself, an impediment justifying equitable tolling. Indeed, to characterize Green's allegations about institutional lockdown as sufficient to support equitable tolling would effectively eviscerate the statute of limitations for any prisoner at Menard. Yet the law is clear that the circumstances supporting equitable tolling must be extraordinary. Restrictions on prison movement are not "extraordinary." *See Blackwell v. McCann*, No. 06 C 6789, 2008 WL 4442631, *7 (N.D. Ill. Sept. 29, 2008) (Instability in the prison and persistent lockdowns "are not 'extraordinary' in prisons, and if they justified equitable tolling, the habeas statute of limitations period would be tolled for many prisoners, and its purpose would be defeated."); *Knight v. Bartley*, No. 07 C 6098, 2011 WL 9862046, *3 (N.D. Ill. Mar. 4, 2011)

("Restrictions on a prisoner's activities are, unfortunately, a perfectly ordinary incident of prison life . . . . ").

Finally, Petitioner Green cites a number of cases to emphasize the complexity of the habeas corpus process: *Hohn v. United States*, 524 U.S. 236 (1998); *Coleman v. Thompson*, 501 U.S. 722 (1991); *United States v. Duffus*, 174 F.3d 333 (3d Cir. 1999); *Brown v. Vasquez*, 952 F.2d 1164 (9th Cir. 1991); *United States ex rel. Madej v. Schomig*, 223 F. Supp. 2d 968 (N.D. Ill. 2002). There can be no doubt that the law governing federal habeas proceedings is complex and difficult, especially for *pro se* litigants. But a system that is equally complicated for every prisoner cannot constitute an "extraordinary circumstances" for any petitioner.

Green has not shown he is entitled to equitable tolling.

## CONCLUSION

Respondent's motion to dismiss [11] is granted, and the petition for habeas corpus relief is dismissed. Because the court concludes that jurists of reason would not debate the court's determination on timeliness, the court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Young v. United States*, 523 F.3d 717 (7th Cir. 2008); *Davis v. Borgen,* 349 F.3d 1027, 1029 (7th Cir. 2003).

ENTER:

Dated: September 22, 2011

_____
REBECCA R. PALLMEYER
United States District Judge